DE LA CRUZ, APPELLANT, *v.* REGISTRAR OF PONCE, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Judicial Deed of Sale.

No. 288.—Decided December 21, 1916.

GANANCIAL PROPERTY—JUDICIAL SALE—RECORD OF TITLE—LIQUIDATION OF PARTNERSHIP—CONJUGAL PARTNERSHIP.—When real property is acquired by a married man for a valuable consideration it belongs to the conjugal partnership, according to section 1316 of the Civil Code, therefore, although he is the lawful manager of the property, he cannot dispose of it after becoming a widower until the said partnership has been liquidated; and the fact that the property was sold by a marshal does not change the situation, because, as the deed is executed in the name and representation of the debtor, his lack of capacity and the impediments originating in the registry affect the marshal in the same manner as if the deed were executed by the debtor himself.

ID.—CONJUGAL PARTNERSHIP—DEBT CONTRACTED DURING MARRIAGE.—Although according to section 1323 of the Civil Code the property of the conjugal partnership shall be liable for the debts contracted during the marriage by the husband, when it is shown that the conjugal partnership was dissolved prior to the filing of the complaint and nothing appears in the document to indicate that the debt sued for was contracted by the husband during the marriage, or that the ganancial property was liable therefor, the said property cannot be applied to the payment of the debt.

ID.—CIVIL STATUS—JUDICIAL SALE—RECORD OF TITLE.—Although the debtor may not be present when a marshal executes a deed in his name, his civil status and other personal conditions must be set out therein in order that his capacity to convey may be known, and the omission of the same is a curable defect.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

According to a certificate issued by the Registrar of Property of Ponce and included in the transcript of the record herein, the books of the said registry show that property No. 5349 is recorded in the name of Juan Torres Santos, who purchased the same in 1903 while married; that in the year 1914 a mortgage created by him on the said property while the widower of Carmen Santos Ortiz was denied admission to record, and that in May, 1915, a deed of sale to a moiety of said property as his share of the community property, in which deed it was stated that he was the widower of Carmen Santos, was also refused admission to record.

Subsequently there was presented in the registry the deed of June 8, 1916, from which it appears that in an action of debt brought in the Municipal Court of Ponce in December, 1915, by Successors of Manuel de la Cruz against Juan Torres Santos, judgment was entered against the latter and a writ of execution having been issued to the marshal, he sold the said property at public auction to Manuel de la Cruz and executed in his favor a deed of sale in the name of the debtor, which deed the registrar refused to record for the reasons subjoined thereto, as follows:

"The foregoing instrument is denied admission to record because

it appears from the records of the registry that the property was acquired by Juan Torres Santos, the defendant, during his marriage, and his wife, Carmen Santos, had died before the action was begun, and there is no showing that the conjugal partnership had been liquidated; nor does this instrument state that the execution issued against the husband as the manager of the said partnership to satisfy its obligations. A caveat is entered for one hundred and twenty days on the reverse side of page 40 of volume 123 of Ponce, property No. 5349, letter E, with the curable defect that the instrument fails to state the civil status and other personal conditions of said defendant, Juan Torres Santos."

The purchaser, Manuel Cruz, appealed from that decision and prays that it be reversed.

As the property in question was purchased by Juan Torres Santos during wedlock, it is considered community property in accordance with the provisions of section 1316 of the Civil Code; therefore, although Santos is the lawful manager of the same he cannot dispose of it while a widower until the conjugal partnership is liquidated; and the fact that the sale was made by an officer of the court does not alter that fact, for inasmuch as the deed is executed in the name and representation of the debtor, his lack of capacity and the obstacles shown in the registry affect the marshal in the same manner as though the debtor himself had executed the deed.

It is true that section 1323 of the said code provides that the property of the conjugal partnership shall be liable for the debts contracted by the husband during the wedlock, but as the said partnership was dissolved in this case before the action was brought and there is nothing in the document to show that the debt for which judgment was obtained was contracted by Torres during the marriage, or that the community property should be liable therefor, the said community property cannot be subjected to the payment of the debt sued for.

As to the curable defect assigned by the registrar, that the instrument fails to show the status and other personal conditions of the debtor, Juan Torres Santos, although he is

not a party to the deed the property was sold by the marshal in his name, therefore the said conditions should be stated. in order to ascertain whether he has the necessary capacity to sell, the doctrine laid down in the case of *Cabrera* v. *Registrar of Property,* 11 P. R. R. 262, holding that such omission is a curable defect, being applicable.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.